# Gulf City Boiler Works Company
# *v.* Falligant.

*Assupmsit.*

Decided November 12, 1912. 60 South. 510.)

1. *Assignment; Action on; Issues.*—Where the action was brought by an assignee of the wages of an employe of the defendant, and the complaint alleged that the assignment was made in good faith, and for valuable consideration, and plaintiff joined issue on a plea setting up that the assignment was not made in good faith, the assignor's good faith was an issue in the case.

[Gulf City Boiler Works Company v. Falligant.]

2. *Same; Instructions.*—Where there was evidence that no notice of the assignment was given to the employer until after the service of the writ of garnishment in a suit brought by a third party, although the assignment purported to have been executed sometime before, and there was evidence tending to impair the credibility of the testimony of the assignor and assignee and to support an inference that the assignment was not made in good faith, but was resorted to for the purpose of defeating the writ of garnishment, charges asserting that unless the jury were reasonably satisfied that the assignment was made in good faith and was supported by a valuable consideration, their verdict should be for the defendant, and also that if they were reasonably satisfied that the assignment was a device resorted to for the purpose of defeating the plaintiff in the suit in which the writ of garnishment was issued, then they should find for defendants, were proper and should have been given.

3. *Pleading; Demurrer; Sufficiency.*—Under section 5340, Code 1907, a demurrer to a plea on the grounds that it presented an immaterial issue, did not answer the complaint, did not deny or confess and avoid the complaint, was insufficient.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by M. J. Falligant against the Gulf City Boiler Works Co. on a wage assignment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

When the complaint was first filed, it was filed by Falligant as plaintiff, but was later amended so as to appear to be filed by Buchanan, for the use of such Falligant, and claimed of the defendant the sum of $36.25, for that on the 8th day of July, 1907, said Buchanan assigned in writing and in good faith and for a valuable consideration to said Falligant all claims and demands for all sums of money due or to become due to said Buchanan for services performed and to be performed by said Buchanan for the defendant during said six months after said July 8, 1907, and earned money to the amount claimed in the complaint. It is also alleged that verbal and written notice was given the defendant of the assignment on July 27, 1907, and that demand was made for the wages, which was refused.

Plea 3 is as follows: "This plaintiff ought not to recover on said assignment, for that prior to the time

the said assignment was executed, and prior to the time this defendant had any notice of such assignment, to-wit, July 26, 1909, one Mrs. W. P. Bond brought suit in the justice court of W. S. Copley, of Mobile, Ala., against said Willie Buchanan, the party by whom said assignment sued upon is alleged to have been made, and prior to any notice of said assignment this defendant was summoned to answer as garnishee in said cause; that at the time of said summons and garnishment this defendant was indebted to said Willie Buchanan in the sum of $13.40, and said garnishment having been served on this defendant prior to any notice of said assignment, this defendant answered in said suit that it was indebted to the said Willie Buchanan in the sum of $13.40, and paid that sum into the said justice court; that subsequent to the notice of said assignment Buchanan remained for a period in the employ of defendant, and earned wages to the amount of $23.30, which amount with the knowledge and permission and consent of the plaintiff, was paid by the defendant to the said Willie Buchanan, and this defendant was not at the commencement of the suit liable or indebted to said Buchanan, or to this plaintiff, in any sum whatever, which it is ready to verify."

The grounds of demurrer interposed were: That it presents an immaterial issue, no answer to the complaint, and does not confess or deny and avoid the complaint.

The following charges were requested by the defendant and denied: (4) "Unless the jury are reasonably satisfied from the evidence that the transfer or assignment of wages was made in good faith, and supported by a valuable consideration, they will return a verdict for the defendant." (6) "If the jury are reasonably satisfied from the evidence that the assignment of wages

was a device resorted to for the purpose of defeating Mrs. Bond, the plaintiff in the suit in the justice court, in aid of which the writ of garnishment had issued, then the verdict must be for the defendant."

The general issue was also filed to the complaint.

LEIGH & CHAMBERLAIN, for appellant. Even if the plea was defective the demurrer did not comply with section 5340, Code 1907, and it should have been overruled.—*Shahan v. A. G. S.*, 115 Ala. 181; *Wikle v. Johnson*, 132 Ala. 268. The court erred in refusing the charges requested.—*Chambliss v. Mary Lee C. & R. Co.*, 104 Ala. 656.

F. K. HALE, JR., for appellee. No brief reached the Reporter.

WALKER, P. J.—The claim of the appellee was based upon an alleged assignment to it by one Buchanan, who was an employee of the appellant, of all sums of money due and to become due to Buchanan for services performed and to be performed by him for the appellant during six months next after the date of the assignment. The only count of the complaint upon which the case went to the jury specifically alleged that said Buchanan made the assignment "in good faith and for a valuable consideration," and the plaintiff took issue on a plea which set up that said assignment was not made in good faith. So the question of Buchanan's good faith in making the assignment was distinctly made an issue in the case.

The evidence was to the effect that no notice of the assignment was given to the appellant until after it had been served with a writ of garnishment issued in a suit brought against Buchanan by a third party, though the assignment purported to have been executed

some time before the writ of garnishment was issued. Both the assignor and assignee testified to the effect that the assignment was executed on the day of its date; but there was evidence as to the conduct of each of them in reference to it which had some tendency to impair the credibility of this testimony, and to support an inference that, so far at least as the assignor was concerned, the assignment was not made in good faith, but was a device resorted to for the purpose of defeating the writ of garnishment. Under the pleadings and evidence in the case the defendant was entitled to the instructions embodied in written charges 4 and 5 requested by it, and the court erred in refusing to give those charges.

The demurrer to plea 3 should not have been sustained, as it failed to state distinctly the grounds of objection to which the plea may have been subject.—Code, § 5340. Whether this ruling involved injury to the appellant need not be decided, as the judgment appealed from must be reversed on another ground.

Reversed and remanded.